IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Betsy Toman, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. |
| ) | |
| Cantigny Foundation, an Illinois not-for-profit ) | **Demand for Trial by Jury** |
| corporation, and Robert R. McCormick Foundation, ) | |
| an Illinois not-for-profit corporation, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Betsy Toman, by her attorneys, Ronald J. Broida and Joseph K. Nichele, for her Complaint against Cantigny Foundation, an Illinois not-for-profit corporation, and Robert R. McCormick Foundation, an Illinois not-for-profit corporation, states:

## NATURE OF THE CASE

1. Betsy Toman ("Toman") brings this action against Cantigny Foundation, an Illinois not-for-profit corporation ("Cantigny"), and Robert R. McCormick Foundation, an Illinois not-for-profit corporation (collectively herein referred as "Defendants ") for unlawful harassment and discrimination based on Toman's disability. Defendants' harassment and discrimination has caused Toman substantial mental anguish and emotional distress for which Toman seeks redress in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*

## STATEMENT OF JURISDICTION AND VENUE

2. The United States District Court has jurisdiction pursuant to 28 U.S.C. § 1331 in conjunction with 42 U.S.C. § 12101 *et seq.* The Northern District of Illinois is the proper venue because Defendants have their business in and this action within this judicial district. 28 U.S.C. § 1391.

3. On February 26, 2010, Toman filed her charge of discrimination with the Equal Employment Opportunity Commission and received a Right to Sue letter on August 12, 2011. A true and accurate copy of the Charge of Discrimination that was filed with the Equal Employment Opportunity Commission is attached hereto, is marked as Exhibit A and is incorporated herein by reference. A true and accurate copy of the Right to Sue letter is attached hereto, is marked as Exhibit B and is incorporated herein by reference.

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

4. Cantigny is part of the Robert R. McCormick Foundation. Defendants own and operate a 500 acre park in Wheaton, Illinois, which includes gardens, a golf course and two museums.

5. On October 20, 1997, Toman was hired by Defendants to work at Cantigny.

6. Toman was hired as a parts and records assistant, and her duties included mostly office work and occasionally driving a pickup truck to get parts.

7. At all times during her employment, Toman was performing her job duties in a satisfactory manner.

8. In March of 2007, Toman was diagnosed as having a tumor in her foot requiring surgery. Toman was off of work for seven weeks for surgery and rehabilitation, and because of continuing pain, Toman needed additional physical therapy later that year. The pain from the tumor and subsequent surgery caused Toman extreme difficulty in walking and lifting.

9. Toman was placed on restrictions for lifting and walking.

10. When Toman returned to work after her surgery, her supervisors treated her in a hostile manner.

11. When Toman started working at Cantigny, she was told by the director of the department that once the current purchasing agent retired, Toman would be promoted to her job

position. The fact that Toman was going to be promoted was continually reconfirmed to her up until the time just prior to her diagnosis.

12. In August of 2007, Toman learned that another less qualified and less senior employee was being trained for that position. No explanation was ever given to her, and the only change in her circumstances was that she had surgery and subsequent difficulty walking and lifting.

13. In January of 2008, Toman's job title was changed to facility assistant and her duties were increased to include additional walking, climbing stairs and lifting and carrying every day. Prior to this time, Toman's job duties included mostly office work, and did not have a substantial physical component. These new duties were difficult for Toman because of her problems walking; however, when she informed her supervisors of her difficulties, she was ignored.

14. In 2008, every employee in Toman's department received a 2% raise. Toman received a 1% raise. Toman was told the reason for the difference was because Toman did not perform all her work because of her restrictions.

15. On January 16, 2009, Toman's supervisors, already ignoring her lifting and walking restrictions, informed her that more job tasks were going to be added to her job description which would include inventory (climbing the ladder in the parts room) and duties at the club house on the far south end of the property. Toman's objections that these additional tasks did not comply with her work restrictions were ignored.

16. Toman referred back to her doctor at which point it was realized that his original restrictions had been misinterpreted and were in fact even more restrictive with respect to walking than previously thought. Toman immediately informed her supervisors and was put on desk work only.

17. In March of 2009, Toman was required by Defendants to go on short-term disability even though she had not requested to do so.

18. On October 16, 2009, after her short-term disability expired, Toman received a letter dated October 8, 2009 by Federal Express, notifying her that her employment at Cantigny had been terminated.

19. Toman is disabled and substantially limited in the major life activities of walking and working. Defendants regarded Toman as disabled in the major life activities of walking and working. Toman was significantly restricted in her ability to perform a broad range of jobs as compared to an average person having comparable training, skills and abilities.

20. Toman was able to perform the essential functions of her job with reasonable accommodations. Instead, after she became disabled, additional duties were added to her job which included lifting (over her weight restrictions) and walking up and down stairs and ladders.

21. Similarly situated employees with less experience and seniority, who are not suffering from a disability, were treated more favorably than Toman, were not subjected to unequal terms and conditions of employment, and were not terminated. Further, Toman was denied promotions and raises afforded to other similarly situated employees.

22. Toman requested reasonable accommodations to assist her in performing her job; however, her request for accommodations were ignored.

23. Any reason for terminating Toman's employment is pretext for discriminating against Toman because of her disability.

24. The aforementioned acts of Defendants constitutes unlawful and wilful discrimination against Toman based on her disability in violation of the violation of the ADA.

25. As a result of Defendants' malicious conduct and reckless indifference to Toman's federally protected rights, Toman has suffered substantial damages, including but not limited to pain, suffering, emotional anguish and distress, loss of normal life, loss of employment, wages, benefits,

attorneys' fees and court costs. In addition, Defendants' misconduct is so egregious that an award of compensatory damages is not sufficient and there should be an award of punitive damages to punish Defendants and to deter future misconduct.

26. Toman demands a trial by jury.

Wherefore, Betsy Toman prays for a trial by jury and for judgment against Cantigny Foundation, a not-for-profit corporation, and the Robert R. McCormick Foundation, an Illinois not-for-profit corporation, and each of them, in her favor for:

A. All back pay, with interest on back pay and front pay, compensatory damages, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, plus punitive damages, all in an amount in excess of $100,000; and

B. All attorneys' fees, costs and other relief this Court deems equitable and just.

Betsy Toman,

By:   /s/ Joseph K. Nichele
      One of Her Attorneys

Ronald J. Broida
Joseph K. Nichele
Broida and Associates, Ltd.
Attorneys at Law
Attorneys for Plaintiff
1250 East Diehl Road, Suite 108
Naperville, Illinois 60563
630-245-1515
630-245-1565 (FAX)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form. | AGENCY<br>☒ FEPA<br>☒ EEOC | CHARGE NUMBER<br>440-2010-02579 |
|---|---|---|

Illinois Department of Human Rights ____ and EEOC
*(State or Local Agency, If Any)*

| NAME (Indicate Mr., Ms.., or Mrs.)<br>Ms. Betsy Toman | HOME TELEPHONE NUMBER (include Area Code) | |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below).*

| NAME Cantigny Foundation a/k/a Robert R. McCormick Foundation | NO. OF EMPLOYEES/MEMBERS<br>101-200 | TELEPHONE NUMBER (include Area Code)<br>(630) 668-5161 | |
|---|---|---|---|
| STREET ADDRESS<br>1 South 151 Winfield Rd., Wheaton, IL. 60189 | | CITY, STATE AND ZIP CODE | COUNTY<br>DuPage |
| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (include Area Code) | |
| STREET ADDRESS | | CITY, STATE AND ZIP CODE | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*
☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST 4/18/2008    LATEST 10/16/2009
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attached extra sheet(s))*

SEE ATTACHED

[stamp: CHICAGO DISTRICT OFFICE EEOC FEB 2 6 2010]

| I want this charge filed with the EEOC and the State FEPA. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – (When necessary to meet State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>*[signature: Betsy Toman]*<br>Date    Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE:<br>(Month, day and year) |

THIS FORM PROVIDED FREE OF CHARGE BY WWW.EEOCOFFICE.COM

EXHIBIT A

## PARTICULARS

On October 20, 1997, I began my employment at Cantigny Foundation a/k/a Robert McCormick Foundation ("McCormick Foundation"). My job position at that time was Parts and Records Assistant, and my duties included mostly office work, and occasionally driving a pickup truck to get parts. At all times during my employment at McCormick Foundation, I was performing my job duties in a satisfactory manner.

In March of 2007, I was diagnosed as having a tumor in my foot requiring surgery. I was off of work for seven weeks for surgery and recovery, and because of continuing pain, I needed additional physical therapy later that year (I attended physical therapy in October and November 2007 after work hours). The pain from the tumor and subsequent surgery caused me extreme difficulty in walking and lifting. When I returned to work after my surgery, there was a complete change in how I was treated by my supervisors. After my surgery, I was treated in a hostile manner.

When I started working at the McCormick Foundation, I was told by the director of the department that once the current purchasing agent, Grace Knox retired, I would be promoted to her job position. The fact that I was going to be promoted was continually reconfirmed to me up until the time just prior to my diagnosis.

In August of 2007, I learned that another less qualified and less senior employee was being trained for that position. No explanation was ever given to me, and the only change in my circumstances was that I had surgery and subsequent difficulty walking and lifting.

In January of 2008, my job title was changed to Facility Assistant and my duties were increased to include additional walking, climbing stairs and lifting and carrying every day. Prior to this time, my job duties included mostly office work, did not have a substantial physical component. These new duties were difficult for me; however, when I informed my supervisors of my difficulties, I was ignored.

1. In 2008, every employee in my department received a 2% raise. I received a 1% raise. I was told the reason for the difference was because I did not perform all my work because of my restrictions.

On January 16, 2009, my supervisors, already ignoring my lifting and walking restrictions informed me that more job tasks were to be added to my job description which would include inventory (climbing the ladder in the parts room) and duties at the club house on the far south end of the property. My objections that these additional tasks did not comply with my work restrictions were ignored. I referred back to my doctor at which point we realized his original restrictions had been misinterpreted and were in fact even more restrictive in the area of walking. I immediately informed my supervisors and was put on desk work only.

2.and 3. In March of 2009, I was forced to go on short-term disability even though I had not requested to do so. On October 16, 2009, after my short-term disability expired, I received a letter dated October 8, 2009 by Federal Express, notifying me that my employment at the McCormick Foundation was terminated.

I am still in pain and I am disabled in the major life activities of walking and working, and my employer regarded me as disabled. My supervisors at the McCormick Foundation treated me differently than non-disabled individuals and I was treated in a more hostile manner because of my disability. I was denied promotions and raises, and my supervisors ignored my lifting and walking restrictions. I believe I could have preformed the essential functions of my job with reasonable accommodations. Instead, after I became disabled, additional duties were added to my job which included lifting (over my weight restrictions) and walking up stairs and ladders. I had been employed at the McCormick Found Foundation for over 11 years, and always performed my job duties in a satisfactory manner

I believe I was treated differently than non-disabled employees, that reasonable accommodations were ignored, and I was terminated on the basis of my disability.

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**DISMISSAL AND NOTICE OF RIGHTS**

To: **Betsy Toman**

From: **Chicago District Office**
**500 West Madison St**
**Suite 2000**
**Chicago, IL 60661**

**CERTIFIED MAIL 7011 1570 0001 8378 0214**

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2010-02579 | **Brandi Kraft,** Investigator | (312) 869-8153 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____        8-12-11
**John P. Rowe,**                       (Date Mailed)
**District Director**

Enclosures(s)

cc: **CANTIGNY FOUNDATION**

EXHIBIT B